IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BLUE TEE CORP. and GOLD FIELD MINING, LLC, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>XTRA INTERMODAL, INC, et al., X-L-CO.,)<br>INC., XTRA CORPORATION, XTRA LLC,)<br>and XTRA COMPANIES, INC., )<br>)<br>Defendants. ) | Case No. 3:13-cv-830-DRH-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

On August 25, 2014, an in person discovery dispute hearing was held in which Plaintiffs were represented by Shannon L. Haney and Defendants were represented by Christopher J. Schmidt and Erin L. Brooks. The same attorneys also appeared for a telephonic discovery dispute conference held on September 24, 2014. For the reasons set forth at the hearing/conference and below, the following is hereby **ORDERED**:

1. Defendants are **GRANTED** leave to depose Mr. Alladien, the CFO of Blue Tee, as a corporate representative. The deposition shall take place in New York City or by video-conference. The deposition may cover to Blue Tee's corporate structure and its relationship/agreements with Gold Fields. The parties shall confer as to the type of financial information Mr. Alladien will be required to testify to; to the extent that the parties cannot agree, them may contact chambers for a teleconference on the matter.

2. Plaintiffs shall produce relevant insurance agreements and buy-back policies as discussed at

the hearing.

3.     Plaintiffs object to a subpoena to produce documents issued by Defendants to Terrance Gileo Faye, Plaintiff's corporate representative and in house counsel, seeking deposition transcripts and affidavits/declarations of Ms. Faye in other cases involving Plaintiffs. Plaintiffs primarily object on relevance grounds, arguing that the testimony in unrelated cases is irrelevant to the claims and defenses in this case. Plaintiffs also argue that the documents are governed by attorney-client privilege. Defendants argue that the testimony is relevant because it concerns Plaintiffs' clean-up of another zinc site in Oklahoma, because it concerns insurance coverage as to the two Plaintiffs, and because it would concern Plaintiffs' general procedures with respect to sites like the one at issue in this case.

The Court finds that the transcripts and related depositions are relevant, if only marginally. The Court further finds that sworn statements and depositions made by Ms. Faye in her capacity as a corporate representative are not protected by the attorney-client privilege. However, the subpoena is limited to the deposition transcripts and affidavits/declarations made by Ms. Faye in three cases dated 2010, 2005, and 2002. While the parties did not provide the Court with the caption of these cases, they are the three cases that Ms. Faye testified about in her deposition in this matter. Accordingly, Ms. Faye is **ORDERED** to produce such deposition transcripts and affidavits/declarations by **October 6, 2014**.

4.     Defendants also seek additional information related to an expert disclosed by Plaintiff, ENTACT. In their expert disclosures, Plaintiffs identified this entity as an expert who is not retained or specially employed and therefore an expert that does not need to provide an expert report. Defendants argue, however, that the disclosure provided by Plaintiffs fails to comply with Federal Rule of Civil Procedure 26(a)(2)(C)(ii): the disclosure does not provide "a summary of the

2

facts and opinions to which the witness is expected to testify." Instead the disclosure lists a number of reports generated by ENTACT that date from 2002 and that cumulatively total thousands of pages. The Court finds that the disclosure is insufficient because there is no summary of facts or opinions but rather a mere list of documents relied on by this expert in developing its opinions. Plaintiffs are accordingly **ORDERED** to supplement their expert disclosures by **October 6, 2014** to include a summary of the facts and opinions to which ENTACT will testify.

5. Finally, pursuant to an agreement of the parties, the settlement conference in this matter is **RESET** to **November 18, 2014**.

**IT IS SO ORDERED.**

**DATED: September 30, 2014**

                                                                           **DONALD G. WILKERSON**
                                                                           **United States Magistrate Judge**