IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BLUE TEE CORP. and GOLD FIELDS )
MINING, LLC., )
                                               )
    Plaintiffs, )
                                               )   Case No. 3:13-cv-830-DRH-DGW
v. )
                                               )
XTRA INTERMODAL, INC., X-L-CO., INC., )
XTRA LLC, XTRA COMPANIES, INC., )
and XTRA CORPORATION, )
                                               )
    Defendants. )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Leave to File Amended Affirmative Defenses filed by Defendants on August 29, 2014 (Doc. 84), the response filed by Plaintiffs on September 11, 2014 (Doc. 85), and the reply thereto filed by Defendants on October 29, 2014 (Doc. 96). For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

In a Second Amended Complaint filed on February 13, 2014 (Doc. 69) pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601, *et seq.*, Plaintiffs allege that Defendants are liable for the costs associated with remediation at the Old American Zinc plant site located in Fairmont City, Illinois (hereinafter "property"). Blue Tee is the successor-in-interest to the American Zinc Company of Illinois, which operated a smelter on the property from 1916 to 1953. Gold Fields, through a 1993 contract, has agreed to indemnify and hold harmless Blue Tee for any remediation costs associated with the property. Defendants are interrelated corporations: Plaintiff alleges that XTRA

Intermodal Inc., and X-L-Co., Inc. are subsidiaries of XTRA LLC; that XTRA LLC is a subsidiary of XTRA Companies, Inc.; and that XTRA Companies, Inc. is a subsidiary of XTRA Corporation. XTRA Corporation is further a wholly owned subsidiary of Berkshire Hathaway, Inc. Plaintiff further alleges that each of Defendants, except for XTRA Corporation, are shell companies – the only asset of these companies is the property at issue which was purchased by Defendants in 1979.

Plaintiffs allege that a by-product of the smelter operations located on the property (which was in operation from 1911 to 1953) included "slag" or "clinker" that was kept in piles on the northern part of the property. When Defendants purchased the property, they spread the clinker throughout the property, causing nuisance dust on neighboring properties and contributing to the contamination of the soil and groundwater. Beginning in 1994, the Environmental Protection Agency ("EPA") began an investigation of the site and Blue Tee conducted certain pre-remediation acts/studies/sampling from 2002 to 2009. Defendants allegedly did not participate in the remediation effort and did not cooperate with the requests or orders of the EPA. In 2012, the EPA developed a remediation plan, to be executed by Blue Tee, that would cost in excess of $11.4 million – Blue Tee (via Gold Fields) already has expended $4.5 million in performing tasks required by the EPA to remediate the property. Plaintiffs allege that the spreading the clinker throughout the property by Defendants magnified the costs associated with remediation and that Defendants must contribute to the costs.

Defendants X-L-Co., Inc. and Xtra Intermodal, Inc. filed Answers to the Second Amended Complaint on March 3, 2014 (Docs. 70 and 71, respectively). Each Answer included 10 identical affirmative defenses. Defendants XTRA Companies, Inc., XTRA LLC, and XTRA Corporation filed their Answers on June 2, 2014 (after a ruling on a Motion to Dismiss) (Docs. 77, 78, and 79, respectively). Each of these answers include 13 identical affirmative defenses. None of the

affirmative defenses asserted a statute of limitations defense. Defendants, collectively, now seek to amend their affirmative defenses to add the additional defense, among other things, of statute of limitations. Defendants allege that a claim of contribution under CERCLA must be made within 3 to 6 years of a "date of judgment or from the administrative order, or settlement that resolved the party's liability." Defendants further allege that while Blue Tee entered into a "tolling agreement" with XTRA Intermodal (and its predecessor X-L-Co., Inc.), no such agreement has been entered into with respect to the other Defendants or with Plaintiff Gold Fields. Thus, Defendants argue that the statute of limitations bars Plaintiffs' action.

In opposition (Doc. 85), Plaintiffs focus on the statute of limitations defense, arguing that the defense is untimely because Defendants knew of the tolling agreement since its inception, in 2008, and that Gold Fields was added to this suit on November 14, 2013. Plaintiffs also claim that substantial prejudice would occur if the defense is allowed. Plaintiffs indicate that substantial discovery had occurred and that, at the fling of the motion, the parties were engaged in expert discovery. Discovery would need to be reopened at this stage of the litigation to "address all of the Defendants' theories concerning the statute of limitations." In light of the substantial argument made by Plaintiffs, Defendants were directed to respond and likewise focused on the statute of limitations defense (Doc. 96). Defendants note that, at the time the Motion was filed, there was still 5 months left to conduct discovery, that any discovery that may be necessary would be limited in nature, and that delay alone should not warrant denial of the motion.

## DISCUSSION

Federal Rule of Civil Procedure 8(c) provides that the defense of statute of limitations must be affirmatively pled in a responsive pleading. The purpose of the rule is to "avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the

defense should not prevail." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997). However, Rule 15(a) permits a party to amend its pleading with the Court's leave, and leave is freely to be given "when justice so requires." Generally, leave would be denied if there is undue delay, bad faith, a dilatory motive, or when the amendment would unduly prejudice the non-moving party. *See King v. Kramer*, 763 F.3d 635, 643-644 (7th Cir. 2014). In the context of an affirmative defense: "Once the availability of an affirmative defense is reasonably apparent, the defendant must alert the parties and the court to his intent to pursue that defense. A defendant should not be permitted to lie behind a log and ambush a plaintiff with an unexpected defense." *Venter*, 123 F.3d at 967-968 (citations and quotation marks omitted). Nonetheless, if the Plaintiff allowed a meaningful response to the defense, undue prejudice will not be found. *See Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005).

Plaintiffs point out that Defendants should have been aware of their statute of limitations defense at least by the time that Gold Fields was added to this suit in November, 2013. They did not seek to add the defense until almost a year later. Certainly, such delay would not promote the speedy resolution of this matter. However delay alone is insufficient to justify denying a motion to amend. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-793 (7th Cir. 2004). Plaintiff further argue that they would be prejudiced because, at the time the motions were filed, fact discovery was almost completed and the parties were engaged in expert discovery. Since the motion was filed, however, the parties were still in the grips of fact discovery, as evidenced by the numerous discovery dispute conferences. And, again when the motion was filed, the discovery deadline was 5 months away. It is unclear to the Court was additional discovery would be required to counter a statutory defense that is partially based on a contract. Moreover, just as Defendants should have been aware of the defense prior, Plaintiffs cannot claim total surprise

because Blue Tee also was a signatory to the contract at issue. Defendants shall be allowed to amend their Answers to include their affirmative defenses.

As of the date of this Order, the discovery deadline has passed and the dispositive motion filing deadline is April 3, 2015 (Plaintiff has filed one motion for summary judgment as to two defendants on March 19, 2015 (Doc. 127)). Any prejudice that may be occasioned by the untimeliness of the defense can be remedied by allowing Plaintiffs a limited extension of time to meaningfully respond to the defense. The dispositive motion filing deadline (and Daubert Motion deadline) is **STAYED** and this matter is **SET** for a telephonic status conference on **April 2, 2015 at 2:30 p.m.** Defendants to initiate the conference call. The parties should be prepared to discuss any discovery that may be required as to the statute of limitations defense, in addition to any other discovery issues that may be pending in this matter.

**IT IS SO ORDERED.**

**DATED: March 26, 2015**

                                      **DONALD G. WILKERSON**
                                      **United States Magistrate Judge**