## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BLUE TEE CORP. and GOLD FIELDS**
**MINING, INC.**,

**Plaintiffs,**

**v.**                                                                  **No. 13-0830-DRH**

**XTRA INTERMODEL, INC.,**
**X-L-CO, INC., XTRA COMPANIES**
**INC., XTRA CORPORATION and**
**XTRA LLC.,**

**Defendants.**

## ORDER

**HERNDON, District Judge:**

Pending before the Court are two motions in limine filed by plaintiffs.  As explained below, the Court denies both motions.

First, plaintiffs move in limine to exclude documents produced by defendants ten months after close of discovery (Doc. 153).  Specifically, plaintiffs move to exclude a compact disc containing more than 100 pages of documents not previously produced by defendants, which defendants maintain were obtained from a document repository at the Western Historical Manuscript Collection located in Rolla, Missouri.  Plaintiffs maintain that defendants were made aware of these documents during a deposition on June 26, 2014 during plaintiffs' corporate

deponent deposition; yet defendants did not produce these documents under December 2015.   Thus, according to plaintiffs, they have been prejudiced by the late disclosure; this prejudice cannot be cured and defendants have offered no justification for the late disclosure.   Defendants oppose the motion countering that these documents are a small subset of publically available documents representing the historical records of plaintiffs' predecessor and that plaintiffs' corporate representative first made defendants aware during the June 26, 2014 deposition. Defendants contend, despite the public availability of these documents, that their supplemental initial disclosures served on September 8, 2014 disclosed these documents to plaintiffs as documents they may use to support their positions by updating the more general category of publicly available documents.   The supplemental initial disclosures under Fed. R. Civ. P. 26 provides in part: "3. Publicly available documents, such as records, and reports generated by the U.S. EPA and/or the IEPA.   The publicly available documents include documents stored at the public repository in Rolla, Missouri.   Plaintiffs identified the documents stored at the Rolla repository in the course of their 30(b)(6) corporate representative depositions." (Doc. 155-1, ps. 2-3).   The Court agrees with defendants' reasoning.   These documents are in the public domain and they were brought up at the Rule 30(b)(6) deposition of plaintiffs' corporate representative. Plaintiffs had at least an equal opportunity to discover these documents.   Thus, the Court DENIES this motion in limine.

Next, plaintiffs move in limine to exclude evidence of defendants' attorney fee damages (Doc. 154).   In particular, plaintiffs move to exclude and bar defendants from presenting purported evidence of claimed damages of $501,689.70 for certain attorney fees and costs paid by defendants to counsel Morgan, Lewis & Bockius for "costs incurred investigating role of U.S. Government and PRP."   Plaintiffs maintain that the documents provided to support the claim of $501,689.70 in attorney fees and costs failed to provide a basis for any claim beyond $79,401.77, the total time of the entries and costs of the Logs.   Further, plaintiffs maintain that only limited types of attorney fees and costs, "response costs," are recoverable under CERCLA and that defendants' time entries are not limited to the types of activities for which fees are awarded.   Defendants acknowledge that not all attorneys' fees paid to Morgan, Lewis & Bockius are recoverable under CERCLA and thus now seek recovery of up to approximately $80,000 fees under CERCLA. Again, the Court agrees with defendants.   Clearly, defendants have trimmed their request for attorney fees and costs down to $80,000.00 and only those fees and costs specifically identifying PRPS (almost the same amount, $79,401.77, that plaintiffs claim defendants have provided basis).   Thus, the Court DENIES this motion in limine.

Accordingly, the Court **DENIES** both motions in limine (Docs. 153 & 154).

The Court **REMINDS** the parties that this matter is set for Final Pretrial Conference

on March 17, 2016 at 1:30 p.m.

**IT IS SO ORDERED.**

Signed this 7th day of March, 2016.

Digitally signed by
Judge David R.
Herndon
Date: 2016.03.07
15:33:15 -06'00'

**United States District Court**